UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BARBARA COX,

      Plaintiff,

                **REPORT AND**
                **RECOMMENDATION**

- against -

                04 CV 208 (NGG)

MICHAEL J. ASTRUE, Commissioner of
Social Security,
      Defendant.
----------------------------------------------------------X

On January 20, 2004, plaintiff Barbara Cox commenced this action against the Commissioner of the Social Security Administration ("Commissioner"),[1] seeking review of the denial of her application for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. On September 29, 2004, the Honorable Nicholas G. Garaufis reversed the Commissioner's decision denying benefits and remanded the case for further proceedings. On April 9, 2010, the plaintiff was awarded $199,421.00 in retrospective benefits. (Ex. B[2] at 3). By motion dated July 8, 2010, plaintiff's attorney, Charles E. Binder, Esq., seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b). By Order dated August 6, 2010, this motion was referred to this Court for a Report and Recommendation.

---

[1] At the time that this suit was commenced, Jo Anne Barnhart was the Commissioner. Since that time, Michael J. Astrue became Commissioner, and his name has therefore been substituted in the caption. (See Affirmation of Charles E. Binder, Esq. in support of plaintiff's motion for attorney's fees, dated August 5, 2010 ("Binder Aff.") at 1 n.1).

[2] Citations to "Ex. B" refer to the plaintiff's Notice of Award from the Social Security Administration, dated April 27, 2010, and submitted as Exhibit B to the Affirmation of Charles Binder.

1

## BACKGROUND

On September 21, 1995, plaintiff sought SSD and SSI benefits relating to a disability starting in October of 1993. (Binder Aff. ¶ 1). Plaintiff's application was initially denied as was her application for reconsideration. (Id. ¶¶ 1-2). On March 19, 1997, plaintiff requested a hearing before an Administrative Law Judge ("ALJ") who found that plaintiff was not disabled and denied plaintiff's request for benefits. (Id.) Thereafter, on February 25, 1999, the plaintiff retained Mr. Binder to represent her in pursuing her application for benefits. (Id. ¶ 1). Following a hearing held on September 16, 1999 and a supplemental hearing held on July 31, 2000, the ALJ again denied her request for benefits. (Id. ¶ 2).

On August 14, 2000, plaintiff requested review of the hearing decision by the Appeals Council, which then denied her request for review on November 19, 2003. (Id.) Thereafter, on January 20, 2004, plaintiff filed this civil action seeking review of the Commissioner's denial of benefits. In connection with the decision to commence this lawsuit, plaintiff entered into a retainer agreement with Mr. Binder on January 15, 2003, in which plaintiff agreed that, in return for Mr. Binder's legal services, she would pay Mr. Binder 25% of her past-due benefits if the action was successful. (Id. ¶ 4; see Ex. A[3]). On September 30, 2004, the district court signed a Stipulated Order of Remand, reversing the Commissioner's decision and remanding this case for further administrative proceedings. (Binder Aff. ¶ 4). Based on this successful ruling, plaintiff sought an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and was awarded $3,346.88. (Id. ¶ 5). On March 28, 2007, following a remand by the Appeals Council to the ALJ, the ALJ again found that the plaintiff was not disabled. (Id. at ¶ 6). On April 30, 2007, plaintiff requested review of the hearing decision. (Id.)

---

[3] Citations to "Ex. A" refer to the retainer agreement entered into by plaintiff and Mr. Binder, attached as Exhibit A in support of the plaintiff's motion for attorney's fees.

2

On March 29, 2009, the plaintiff died, and her daughter, Ricki Cox, was substituted as the claimant. (Id. ¶ 7). On April 9, 2010, the ALJ reversed his prior decision, finding the deceased plaintiff disabled as of her onset date, and awarding her $199,421.00 in retrospective benefits. (Id.; Ex. B at 3).

According to the Social Security Administration Notice of Award Letter, 25% of the plaintiff's benefits, amounting to $49,855.25, was withheld from the award of past due benefits for the payment of legal fees. (Binder Aff. ¶ 8; Ex. B at 3). Plaintiff's attorney seeks $11,653.12 in fees for services rendered before the Court, which represents $15,000, minus the previously awarded EAJA fees of $3,346.88. (Binder Aff. ¶ 14). Plaintiff's attorney represents that he will be seeking an additional fee award from the Social Security Administration for time spent before the administrative agency. (Id. ¶ 15).

## DISCUSSION

A. Legal Standard

Plaintiff's amended motion[4] seeks an award of attorney's fees in the amount of $11,653.12, pursuant to 42 U.S.C. § 406(b)(1). Section 406(b)(1) of the Social Security Act ("SSA") provides: "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1). The Second Circuit has made it clear that, subject to the 25% limitation, a court may enforce a contingency fee arrangement in

---

[4] Plaintiff's original motion, filed on July 8, 2010, incorrectly stated the EAJA award amount as $2,872.37 and requested payment of $12,127.73. (Orig. Aff. ¶¶ 5, 14). The amended motion, filed on August 5, 2010, corrected this error, requesting payment of $11,653.12 based on the deduction of the correct EAJA award of $3,346.88.

3

an SSA case unless the court finds it to be otherwise unreasonable. The court in <u>Wells v. Sullivan</u> stated:

> we hold that where there is a contingency fee arrangement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.

907 F.2d 367, 371 (2d Cir. 1990).

The court explained that "accepting reasonable contingency agreements as the basis for a § 406(b) social security fee provides a critical incentive for able attorneys to practice in the social security field and increases the likelihood that a claimant can find an attorney sufficiently committed and skilled to litigate successfully against the government." <u>Id.</u> at 372. Absent a finding of fraud or overreaching or a finding that the fee would result in a "windfall" to the attorney, contingency fee requests within the statutory cap should be given proper deference as would be given any contract embodying the intent of the parties. <u>Id.</u>

In determining if a legal fee is reasonable, the Social Security Administration considers the factors set forth in 20 C.F.R § 404.1725(b)(1)(i)-(vii), and reviewing courts have adopted similar factors. See <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 794-95 (2002). Section 404.1725(b)(1) provides that a request for approval of a fee should evaluate:

> (i) The extent and type of services the representative performed;
> (ii) The complexity of the case;
> (iii) The level of skill and competence required . . . ;
> (iv) The amount of time the representative spent on the case;
> (v) The results the representative achieved;
> (vi) The level of review to which the claim was taken and the level of review at which the representative became your representative; and
> (vii) The amount of fee the representative requests for his or her services, including any amount authorized or requested before, but not including the amount of any expenses he or she incurred.

4

20 C.F.R. § 404.1725(b)(1)(i)-(vii). Although courts generally consider these factors, they have not treated each of the above factors as equally significant and have not limited their assessment of reasonableness to these standards. See, e.g., Rodriguez v. Bowen, 865 F.2d 739, 745 (6th Cir. 1989).

A plaintiff's attorney may also request fees under the EAJA. 28 U.S.C. § 2412(d). The EAJA seeks to compensate plaintiffs when the government's denial of benefits was inappropriate. To apply for EAJA fees, a plaintiff must demonstrate: "(1) that he is a 'prevailing party,' (2) the Government's position in the underlying action was not 'substantially justified,' (3) no 'special circumstances' make the award of fees unjust, and (4) the fee application was submitted to the court within 30 days of the final judgment in the action." Pereira v. Astrue, 739 F. Supp. 2d 267, 271 (E.D.N.Y. 2010). Unlike an award under 42 U.S.C. § 406(b), the EAJA fee is calculated by multiplying the number of hours that plaintiff's attorney claims he worked at the court level by the standard EAJA hourly award rate. The statutory ceiling for an EAJA fee rate is $125.00 per hour. 28 U.S.C. § 2412(d)(2)(A). Attorney's fees calculated at a rate above the statutory cap of $125.00 per hour are not awarded unless the court determines that a higher rate is justified either (a) because of an increase in the cost of living or (b) because of the existence of a special factor, such as a limited number of qualified attorneys for the proceedings. Id.

A successful plaintiff may seek fees under both EAJA and 42 U.S.C. § 406(b), "but the claimant's attorney must 'refund to the claimant the amount of the smaller fee' . . . 'up to the point the claimant receives 100 percent of the past-due benefits.'" Gisbrecht v. Barnhart, 535 U.S. at 796 (internal citations omitted). However, strict compliance is not required. When circumstances warrant it, an attorney may receive the balance of his award, after subtracting a previously received EAJA award, in order to reach the same result as if the plaintiff's attorney

had refunded the EAJA award to the plaintiff. Green v. Comm'r of Soc. Sec., 390 Fed. Appx. 873, 873 (11th Cir. 2010).

B. Analysis

Plaintiff's counsel, a lawyer experienced in social security disability cases, entered into a contingency fee retainer agreement with plaintiff providing for a fee of 25% of past-due benefits if her appeal was successful. (Ex. A). This percentage is clearly permissible under 42 U.S.C. § 406(b) in that it falls within the statutory cap. Furthermore, the government raises no objection to this amount. (Ltr.[5] at 1-2).

Plaintiff's counsel requests that the award be reduced by the EAJA amount. Normally, these funds would be returned to the plaintiff directly, rather than reduced from the award amount. Gilbrecht v. Barnhart, 535 U.S. at 796. However, because the plaintiff is deceased and no executor has been named, the plaintiff's attorney requests that the EAJA amount be deducted from his award under 42 U.S.C. § 406(b) so as to ensure timely payment and avoid confusion. (Binder Aff. ¶ 14). The government raises no objection to this request. (Ltr. at 2). While this is not the usual practice, it is permissible. Green v. Comm'r of Soc. Sec., 390 Fed. Appx. at 873. Furthermore, given the unique set of circumstances, requiring the attorney to return the EAJA award would only serve to create confusion and undue delay. Therefore, the Court finds that the request for $11,653.12 is reasonable.

Accordingly, the Court respectfully recommends that attorney's fees in the amount of $11,653.12 be awarded to Mr. Binder.

---

[5]Citations to "Ltr." refer to the government's letter in response to the plaintiff's motion for attorney's fees, filed on August 25, 2010.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      April 18, 2011

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York